IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| SUE V. HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 7:11-cv-01142-LSC |
| | ) | |
| VETERANS ADMINISTRATION MEDICAL CENTER, | ) ) | |
| | ) | |
| Defendant.[1] | ) | |

MEMORANDUM OF OPINION

I.  **Introduction**

The Defendant filed the pending motion (Doc. 6) to dismiss, or in the alternative for summary judgment, against Plaintiff Harris's *pro se* complaint. (Doc. 1.) Pursuant to an order of this Court (Doc. 13), this motion has been supplemented and the grounds for dismissal or summary judgment clarified, and Plaintiff was given eleven days to provide any evidence opposing the motion. (Doc. 13.) In her complaint, Harris describes a litany of abuses she allegedly suffered at the hands of

---

[1] The only proper defendant in an employment discrimination case against the Department of Veteran's Affairs is the Secretary of Veteran's Affairs in his official capacity as instructed in the Final Agency Decision ("FAD") in this case, dated October 12, 2010 (Doc. 8-3). *See* 42 U.S.C. § 2000e-16(c).

supervisors at the Tuscaloosa Veterans Administration Medical Center, the adjudicator of her employment discrimination claims, and even lawyers she claims are afraid to "stand up to unfair federal cases." (Doc. 1.) The complaint includes allegations that the Defendant committed various acts of discrimination and fraud. (*Id.* at 2-7.)

It has taken some effort for this Court to determine the legal significance of her list of wrongs. Essentially they fall into two categories. The first can be treated as appeals of her claims before the Equal Employment Opportunity Commission ("EEOC"), while the second, arising out of incidents that occurred after the EEOC decision, must be treated separately.

## II. Plaintiff's EEOC Claims

Plaintiff complains of several adverse employment actions by her supervisors, primarily in treating her injuries suffered at work, determining whether and when she was able to return to work, and determining which jobs she could perform subsequent to her injuries. (Doc. 1 at 11.) These problems culminated in Plaintiff filing a complaint with the EEOC on September 8, 2009. (Doc. 8-2.) On September 22, 2010, Administrative Law Judge Mason D. Barrett found in favor of the Defendant on these claims, concluding that "the evidence does not support Complainant's allegations of

discrimination under the disparate treatment, reprisal, or hostile work environment harassment theories of discrimination." (Doc. 8-2.) Defendant's motion argues that Harris' claims fail due to untimely appeal from an unfavorable decision by the EEOC. (Doc. 7 at 1-2.)

The EEOC mailed its Final Agency Decision and Right-to-Sue letter to Harris on October 12, 2010. (Doc. 8-3.) Harris signed the return receipt and dated it October 23, 2010, verifying that she received the letter on that date. (Doc. 8-4.) In the letter, the EEOC informed Harris that she had thirty (30) days to file an EEOC appeal, or ninety (90) days to file a civil action in the United States District Court. These limitations stem from Title VII of the Civil Rights Act, which allows a civil action only if filed within ninety (90) days. 42 U.S.C. § 2000e-5(f)(1). The Plaintiff did not file suit in this case until March 31, 2011, a total of 151 days after receiving the EEOC letter. (Doc. 1.)

The time limit set by statute does not contain any exceptions, and the Eleventh Circuit has been firm in upholding this requirement. See Norris v. Florida Dept. Of Health and Rehabilitative Services, 730 F. 2d 682, 682 (11thCir. 1992)(upholding the dismissal of a complaint filed ninety-one (91) days after the receipt of the letter). However, the Supreme Court has made it clear that the doctrine of equitable tolling,

which can mitigate the harsh operation of a statute of limitations, applies to the ninety-day period during which suits concerning EEOC decisions may be filed, even in suits against the government. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95-96 (1990). In *Irwin*, however, the Court also pointed out that this form of equitable relief should be extended only in rare situations, such as where the claimant has actively but defectively pursued judicial remedies, or where misconduct of the other side has tricked Plaintiff into allowing the statutory time period to run out. *Id.* at 96.

Even taking into account the liberality with which a pro se filing should be construed, *see Gomez-Diaz v. United States*, 433 F.3d. 788, 791 (11th Cir. 2005), there is no such extraordinary situation in this case. Plaintiff's contention that she has contacted lawyers who would not help her because her complaint is against a federal agency (Doc. 1) does not amount to actively pursuing judicial remedies. In any case, Plaintiff does not assert that she spoke to any of these lawyers within the ninety-day statutory period. In fact, the only lawyer specifically mentioned in the complaint was consulted just five weeks before the filing of the pro se complaint, (Doc. 1 at 8) or approximately 115 days after the receipt of the right-to-sue letter, and well after the statute of limitations had run. Despite being directed in the previous order to provide any evidence she had concerning the timeliness of this action (Doc. 13.), Plaintiff's

additional evidentiary submission (Doc. 11) contained no new information in this area. Therefore, no reason exists to equitably toll the statute and allow the claims appealing the EEOC decision to proceed.

The Defendant has filed a motion to dismiss under Federal Rule of Civil Procedure 12, either for lack of subject matter jurisdiction or failure to state a claim, or in the alternative, for summary judgment. (Docs. 6, 8.) Courts in the Eleventh Circuit have disposed of cases barred by statutes of limitation in both ways, and the Court of Appeals has upheld both forms of disposition. *See, e.g., Norris*, 730 F. 2d. at 683, (upholding summary judgment); *Justice v. United States*, 6 F.3d. 1474, 1475 (11th Cir. 1993)(upholding dismissal). Summary judgment is appropriate in this case, at least regarding Plaintiff's EEOC claims. Not only did plaintiff submit further evidence beyond her complaint (Doc. 13.), but, more importantly, the untimeliness of Plaintiff's complaint cannot be determined from the face of the document. The date of the right-to-sue letter, and therefore the untimeliness of the appeal, cannot be found within the complaint. The consideration of this evidence means that the court has looked beyond the pleadings and thus dismissal for failure to state a claim is inappropriate. Fed. R. Civ. P. 12(b)(6). However, the fact that Plaintiff's appeal is untimely precludes any consideration of the merits of her claims, which means that there is no genuine issue

of material fact before the court. Therefore, summary judgment for the defendant is granted with respect to Plaintiff's EEOC claims.

### III. Plaintiff's Claims Subsequent to the EEOC Dismissal

Some of the claims in Plaintiff's complaint cannot be characterized as appeals of claims made before the EEOC. For example, Plaintiff claims that the VA did not properly reinstate her leave pursuant to the "leave buy-back" program, and still has not done so (Doc. 1, 6). The EEOC did address the "leave buy-back issue, but it only did so in order to determine whether Defendant's withholding of the leave constituted invidious racial or gender discrimination. (Doc. 8-2, 6.) Although the ALJ stated that Plaintiff did not return the proper paperwork, the EEOC did not and could not rule on the still-outstanding question of whether the "leave buy-back" was properly processed and whether Plaintiff is still owed money under that program.

Plaintiff alleges that the Department of Labor sent the correct amount to the TVAMC, but her leave and overpayment has not been reinstated (Doc. 1, 6; Doc 11, 26-31). This occurred at least in part after her EEOC claim, and can be construed as an allegation of a tort of conversion against her by the medical center. Plaintiff also claims that decisions of Defendant's employees have caused her personal injury; conceivably these claims could be independent of the discrimination claims heard by

the EEOC. (Doc. 1. 3-5.) Finally, Plaintiff makes vague allegations of fraud against the TVAMC, its employees, the EEOC, and the Department of Labor. The most comprehensible and concrete of these, in which Plaintiff claims that the mediator and VA EEO representative attempted to trick her into signing a settlement can also be construed as a tort claim.

In this suit, Plaintiff contends that all of these acts were committed by employees or agencies of the federal government, and she has sued only a federal agency: the Veterans Administration. As far as Plaintiff's claims can be construed as torts, they fall under the Federal Tort Claims Act ("FTCA"), which bars all claims for, inter alia, loss of property and personal injury against a federal agency "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). A regulation construing this section, 28 C.F.R. § 14.2, states that a claim is considered presented when the federal agency receives "written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property."

The failure to comply with the FTCA prevents consideration of Plaintiff's tort claims. The 11th Circuit has characterized the FTCA as an exception to the United

States' sovereign immunity for tort claims, holding that this waiver "must be scrupulously observed and not expanded by the courts." *Suarez v. United States*, 22 F.3d. 1064, 1065 (11th Cir. 1994). It has also strictly interpreted the sum certain requirement, describing it as serving a valuable purpose in allowing the government to know the maximum value of a claim, so that it can determine whether to settle or proceed to trial. *Turner ex rel Turner v. United States*, 514 F.3d. 1194, 1200 (11th Cir. 2008). Here, Plaintiff has made no allegation that she complied with any of these requirements, let alone that the agency issued her a final denial in writing.

Because of the FTCA's foundation in this Congressional waiver of the government's sovereign immunity, its requirements are a "jurisdictional prerequisite" for the federal courts to hear a lawsuit against the United States. *Dalrymple v. United States,* 460 F.3d. 1318, 1325 (11th cir. 2006). A federal court must have subject-matter jurisdiction in order to hear a case, and should dismiss, on motion or sua sponte, whenever it determines this jurisdiction is absent. *In re Trusted Net Media Holdings, LLC*, 550 F.3d. 1035, 1042 (11th Cir. 2008). Therefore, Plaintiff's tort claims, including all claims of loss of property relating to the buy-back program, all personal injury claims, and all claims of fraud, are dismissed for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1).

Plaintiff makes one final claim that may merit independent discussion. She claims that money was garnished from her income taxes to pay a debt to the TVAMC that she does not owe. This could be seen simply as an allegation of the tort of conversion, but Congress has created a special rule, in the Debt Collection Improvement act, to authorize the Internal Revenue Service to offset taxpayer refunds in the amount of debts owed to other federal agencies. 31 U.S.C. § 3720A. As stated in the letter that Plaintiff received from the IRS, any claims that such an offset is in error must be made through the agency claiming the debt. (Doc. 11 at 42.) Plaintiff failed to meet this requirement and does not assert that she contacted the agency before filing this suit. The Debt Collection Improvement Act, does not, by its terms, authorize suit against the United States. Therefore if such a suit is authorized at all, it is only by the terms of the FTCA, which, as stated above, Plaintiff has not met.

## IV. Conclusion

Plaintiff's claims can be characterized as either appeals of her EEOC decision or as tort claims against the United States government. The EEOC claims are barred because Plaintiff did not file this suit within ninety days of her receipt of the final decision and right-to-sue letter. The other claims are barred because she failed to comply with the requirements of the FTCA. Since these claims cannot proceed, there

is no genuine issue of material fact before the Court and summary judgement is due to be granted for the defendant. A separate order consistent with this opinion will be entered.

Done this 21st day of March 2012.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
[167037]